IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00536-CMA-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    ALEJANDRO RESENDIZ,

    Defendant.

**ORDER GRANTING DEFENDANT'S SECOND MOTION IN LIMINE**

This matter is before the Court on Defendant Alejandro Resendiz's Second Motion in Limine.[1] (Doc. # 86.) The Government filed a Response (Doc. # 93) on May 22, 2019. For the reasons that follow, the Court grants the Motion.

### I.    BACKGROUND

On November 15, 2018, Defendant was charged by indictment with two violations of federal law related to the possession and distribution of narcotics. (Doc. # 24.) Defendant proceeded to trial on April 22, 2019. (Doc. # 71.) On April 23, 2019, Defendant testified in his own defense, utilizing the assistance of an interpreter. (Doc. # 73.)

---

[1] The Court notes that Defendant requested a hearing regarding this matter. (Doc. # 86 at 2.) However, the Court has determined that a hearing is not necessary to resolve the issues raised in Defendant's Motion.

However, the interpreter engaged in conduct during Defendant's testimony that significantly disrupted the proceedings. Additionally, the interpreter made substantive errors in his translation, and his translation was often incomplete. Due to the considerable prejudice that the interpreter caused to Defendant's right to present a defense and right to a fair trial, the Court declared a mistrial on April 24, 2019. (Doc. # 72.) The Court set a second trial for June 3, 2019. (*Id.*)

On May 17, 2019, Defendant filed the instant Motion in which he seeks to preclude the Government from using the transcript of Defendant's testimony at the first trial as a means to impeach Defendant in the event that he should choose to testify at the second trial. (Doc. # 86 at 1–3.)

## II. ANALYSIS

Federal Rule of Evidence 801 provides that a declarant-witness's prior statement is not hearsay if "the declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding . . . ." Fed. R. Evid. 801(d)(1)(A). In the instant case, the statements that Defendant made at the first trial were made under penalty of perjury. Therefore, if the Government sought to use those statements at the second trial to illustrate an inconsistency in Defendant's testimony for impeachment purposes, the statements would not be hearsay. Additionally, the statements would be relevant under Rule 401 because they would potentially undermine Defendant's credibility as a witness.

2

However, pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a **danger** of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403 (emphasis added).

Defendant argues that if the Government "were to use the prior trial transcript . . . as impeachment, [it] would be introducing unproven facts and infecting the second trial with the same issues that resulted in the mistrial of the first trial." (Doc. # 86 at 2.) In response, the Government argues that there may be translation errors in "some, but not nearly all of the statements," which justifies using the statements "solely for impeachment purposes if and only if the defendant again takes the witness stand and testifies inconsistently under oath . . . ." (Doc. # 93 at 2.)

The Government's point is well taken that not all of Defendant's statements from the first trial may have been impacted by the interpreter's conduct. However, the Court has reviewed the transcript of Defendant's testimony from the prior trial (Doc. # 84 at 167–208), and it is not readily apparent which statements were affected by interpreter error and which statements were not.

On the other hand, the Court considered the interpreter's overall influence on Defendant's testimony to be so prejudicial that Defendant had been deprived of a fair trial. (Doc. # 72) ("[Defendant's] trial was rendered unfair when the interpreter assigned to assist him became a barrier to Mr. Resendiz's ability to testify and to present his defense."). As a consequence, allowing the Government to use Defendant's prior testimony for impeachment purposes would create a substantial danger of unfair

prejudice to Defendant. Additionally, there would also be a substantial danger of misleading and confusing the jury.

Specifically, jurors might find Defendant's credibility to be diminished because he made inconsistent statements, but the statements could be inconsistent solely as a result of interpreter error at the first trial. Therefore, the probative value of Defendant's statements from the first trial is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. Accordingly, the Government is precluded from using Defendant's statements from the first trial for impeachment purposes in the event that Defendant testifies in the second trial.

### III.  CONCLUSION

Based on the foregoing reasons, the Court ORDERS that Defendant Alejandro Resendiz' Second Motion in Limine (Doc. # 86) is GRANTED. It is

FURTHER ORDERED that during the retrial, the parties shall not refer to a "prior" trial, a "mistrial," or otherwise suggest in any way that this case has been tried previously. If either party seeks to impeach a witness—other than Defendant—with that witness's testimony from the prior trial, the party shall refer to the witness's testimony in a prior "proceeding" or "hearing," without mentioning that the "proceeding" or "hearing" was an earlier trial of this case. *United States v. Hicks*, No. 15-CR-33-A, 2018 WL 1789932, at *2 (W.D.N.Y. Apr. 16, 2018) (citing L. Sand, *et al.*, *Modern Federal Jury Instructions: Criminal* (2016) Instruction 2-13, cmt. (noting that "many jurisdictions

proscribe any reference to previous trials, using instead references to 'a prior proceeding'")).

DATED: May 28, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge